**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE WILLIAM ISBILL,

      Petitioner - Appellant,

v.

RANDY WORKMAN, Warden; DICK
CONNER CORRECTIONAL
CENTER,

      Respondents - Appellees.

No. 02-6139
(D.C. No. 00-CV-1950-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **SEYMOUR**, and **EBEL**, Circuit Judges.

Petitioner George William Isbill, Jr., seeks relief under 28 U.S.C. § 2254

from his state conviction for first degree murder.  He contends that the Oklahoma

courts denied him his Sixth Amendment right to present a defense and his

Fourteenth Amendment right to due process when they refused to grant him a new

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

trial. We granted Petitioner a Certificate of Appealability on this issue. (Order 1/16/03.) Because we find that Petitioner has failed to support his claim for relief, we AFFIRM the district court's denial of his habeas petition.

In the District Court of Cleveland County, Petitioner was indicted for acting conjointly with Tony Brantley in committing the murder of Richard Steagall. (Aplt. Br. at 2-3.) Petitioner and Brantley were tried separately. (Id. at 2.) While Brantley was acquitted of the charges, Petitioner was convicted and sentenced to life without parole. (Id.) Following Petitioner's trial, Brantley signed an affidavit averring that he alone murdered Steagall and that he had made himself unavailable to testify at Petitioner's trial. (Id. at 3.) On the basis of this affidavit, Petitioner moved the trial court for a new trial. (Id. at 2.) The court held a hearing and concluded that Petitioner had not satisfied the Oklahoma standard for a new trial. (Tr. 11/21/97 at 15-17.) The Oklahoma Court of Criminal Appeals reviewed this decision for an abuse of discretion and affirmed on state law grounds. (OCCA Op. at 3.)

The Oklahoma courts never addressed a federal constitutional claim insofar as Brantley's affidavit is concerned. Although the magistrate below recited that Petitioner presented this claim to the OCCA on direct appeal and the state apparently conceded exhaustion (Magistrate's Rep. & Rec. at 2-5), our review of Petitioner's brief on direct appeal to the OCCA suggests that he asserted only a

state claim with regard to the Brantley affidavit. (Aplt. Br. to OCCA at 16-17.) Nevertheless, because the State of Oklahoma does not now assert either exhaustion or procedural bar, we proceed to the merits of Petitioner's federal claim, which can easily be disposed of. Our review of the federal issue is de novo because it was never addressed by the OCCA. Smallwood v. Gibson, 191 F.3d 1257, 1264 (10th Cir. 1999).

Petitioner was denied habeas relief in the Western District of Oklahoma. (Magistrate's Rep. & Rec.; Order.) This Court granted Petitioner a Certificate of Appealability on the issue of whether Petitioner was denied his constitutional rights when the Oklahoma courts refused to grant him a new trial based on the new evidence presented in Brantley's affidavit.

Petitioner contends that the Oklahoma courts' failure to grant him a new trial based on his newly discovered evidence violated his Sixth and Fourteenth Amendment rights. Aside from maintaining that the affidavit proves his actual innocence, however, Petitioner fails to assert any independent constitutional violation occurring in his underlying criminal proceeding. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506

U.S. 390, 400 (1993) (addressing the petitioner's claims under the Eighth and Fourteenth Amendments).

Herrera holds open the possibility that, in a capital case, newly discovered evidence may be grounds for habeas relief from execution. Herrera, 506 U.S. at 417; Clayton v. Gibson, 199 F.3d 1162, 1179-80 (10th Cir. 1999) (applying Herrera in the capital context). In this case, however, Petitioner received only a life sentence; thus, this exception does not appear to apply to him. In any event, the evidence that Petitioner offers falls far short of a "truly persuasive demonstration of actual innocence." Herrera, 506 U.S. at 417.

Because Petitioner has failed to support his claims of independent constitutional violations, we AFFIRM the district court's denial of habeas relief.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge